# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3716

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Michael William Shranklen, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 11, 2004

Filed: May 17, 2004

_____

Before MURPHY and FAGG, Circuit Judges, and GOLDBERG,* Judge of the United States Court of International Trade.

_____

PER CURIAM.

An Altoona, Iowa police officer stopped a vehicle driven by Michael William Shranklen for failing to display a proper license plate. After the officer determined neither Shranklen nor his passenger had a valid driver's license, the officer informed them he was going to impound the vehicle. The officer put Shranklen and the passenger in his squad car, and asked whether they needed anything from the car

_____

*The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

before it was impounded. Shranklen asked for his house keys on his car's console. One of the keys found by the officer was a Sentry that belonged to a fire safe in Shranklen's home. The passenger asked for his fanny pack from underneath the car's passenger seat. Concerned that it might contain a weapon, the officer looked inside and found used syringes, other drug paraphernalia, and a Sentry key matching Shranklen's key. Officers also found methamphetamine in the trunk of Shranklen's car. The officers returned to the patrol car and informed Shranklen and his passenger that they were under arrest for possession of methamphetamine. Shranklen's passenger immediately stated the drugs belonged to him, and Shranklen stated he did not know any drugs were there. The officers later obtained a warrant to search Shranklen's house and found more drugs, including some in a stereo speaker and some in a safe opened with the Sentry keys. The Government charged Shranklen and his passenger with drug offenses. The passenger met with the Government to discuss a proffer agreement and told officers that he borrowed Shranklen's car on the day of the arrest, used it to pick up 343 grams of methamphetamine, placed the drugs inside a car speaker, and placed the speaker in Shranklen's bedroom. Later that night, the passenger met with Shranklen, the officer stopped them, and they were arrested.

After we concluded the search of the fanny pack was reasonable to protect the officers' safety, United States v. Shranklen, 315 F.3d 959 (8th Cir. 2003), Shranklen and his passenger were tried. Shranklen learned of the proffer agreement in the middle of the trial. The passenger testified he had not brought any drugs to Shranklen's residence, and the Government and Shranklen used the proffer agreement to impeach the passenger's testimony during cross-examination. A jury convicted Shranklen and his passenger of conspiracy to distribute at least fifty grams of methamphetamine. The district court[**] sentenced Shranklen to 240 months in prison.

---

[**]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

On appeal, Shranklen contends the government violated his rights under Brady v. Maryland, 373 U.S. 83 (1963), when it failed to inform him of the proffer made by his passenger. Because the evidence was disclosed during the trial, there was no Brady violation. United States v. Greatwalker, 356 F.3d 908, 912 (8th Cir. 2004). Shranklen has not identified any testimony or evidence relating to the proffer that he could not produce at trial. Indeed, Shranklen was given an opportunity to recall witnesses after obtaining the information, but did not do so. There is not a reasonable probability the trial's outcome would have differed had the proffer been disclosed earlier. See id.

Shranklen also argues the district court committed error in denying his motion for a mistrial based on the admission of a conversation Shranklen and his passenger had while in the backseat of the squad car. According to the passenger, Shranklen asked him to say all the drugs were his because Shranklen had "been in jail twice before." Trial Trans. at 329. The passenger also testified Shranklen offered to "take care of him" if he took responsibility for the drugs. Id. The district court did not abuse its discretion in denying Shranklen's motion. See United States v. Gutierrez, 351 F.3d 897, 902 (8th Cir. 2003). Although evidence of earlier crimes is not admissible to prove character to show action in conformity, the evidence is admissible for other purposes. Fed. R. Evid. 404(b). The court did not abuse its discretion in admitting the nonspecific evidence of Shranklen's earlier offenses because the evidence showed the reason for the passenger's statement that the drugs belonged to him. The district court could reasonably find the evidence's probative value substantially outweighed its prejudicial effect, a balancing within the court's broad discretion. See United States v. Benitez-Meraz, 161 F.3d 1163, 1166 (8th Cir. 1998).

Further, the district court did not abuse its discretion in denying to sever Shranklen's case from that of his coconspirator based on the coconspirator's testimony about the conversation in the squad car. See United States v. Washington,

318 F.3d 845, 858 (8th Cir. 2003). Shranklen did not show real prejudice to his right to a fair trial by establishing his defense was irreconcilable with his coconspirator's defense. See id. At the time Shranklen's passenger made the statement to the police officers, the drugs in Shranklen's residence had not been found yet. Thus, there was substantial evidence against Shranklen outside of the drugs found in the car.

Shranklen last contends the evidence was insufficient to convict him. Shranklen asserts his passenger lived at his house and acted alone in distributing the methamphetamine. Viewing the evidence in the light most favorable to the verdict and giving the verdict the benefit of all reasonable inferences, we conclude a reasonable jury could conclude beyond a reasonable doubt that Shranklen conspired with his passenger to distribute methamphetamine See United States v. Ray, 250 F.3d 596, 600 (8th Cir. 2001). Police found large quantities of drugs in Shranklen's car and residence. Even if the passenger was responsible for the drugs found in Shranklen's car and the stereo speaker in his home, over fifty grams of methamphetamine were found in the safe in Shranklen's bedroom. Shranklen had a key to the safe. A scale and packaging materials were also found in the house. Some of the drugs were in bags with markings indicating their weight, and $3000 cash was found with the drugs. Further, Shranklen's passenger testified he did not live with Shranklen at the time of the arrest.

We thus affirm Shranklen's conviction.

_____